FILED

JAMES J. WALDORF (SBN 38297)
KATHRYN E. VAN HOUTEN (SBN 143402)
IRSFELD, IRSFELD & YOUNGER LLP
100 W. Broadway, Suite 900
Glendale, CA 91210-0001
Telephone: (818) 242-6859
Facsimile: (818) 240-7728

Attorneys for Plaintiff

2008 FEB 12 AM 9:20

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

COPY

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TIMOTHY WHITE, AKA ) <br> TIMOTHY D. WHITE, AKA ) <br> TIMOTHY DAVIS WHITE, ) <br> ) <br> Defendant. ) <br> _____) | CASE NO.: ACV **CV08-00942** <br><br> COMPLAINT ON PROMISSORY NOTE |

For its claim, Plaintiff, acting on behalf of the DEPARTMENT OF EDUCATION alleges as follows:

1. This court has jurisdiction under Title 20 U.S.C. § 1080, and the defendant resides in the County of Ventura.

2. In consideration of a student loan, Defendant executed a promissory note, a copy which is attached hereto as Exhibit 1 on the date set forth on said note.

3. Said note and all rights to the obligation undertaken therein were thereafter assigned to Plaintiff.

///

1

COMPLAINT

1  4.  Defendant has defaulted in the payment of the obligation due under
2      said note according to the terms and has paid no part thereof.
3  5.  Defendant owes to Plaintiff after applying all payments and proper
4      credits the amounts hereinafter prayed for.

5  WHEREFORE, Plaintiff prays for judgment against Defendant in the
6  principal amount of $13,102.57 plus interest accrued to February 1, 2008 in the sum
7  of $15,058.23 with interest accruing thereafter at $2.51 per day until entry of
8  judgment; with interest thereafter at the legal rate, administration charges of $15.00,
9  reasonable attorney's fees, and accrued costs.

10 DATED: February 1, 2008              IRSFELD, IRSFELD & YOUNGER LLP

12                                       By: /s/ James J. Waldorf
13                                          JAMES J. WALDORF
                                            Attorneys for Plaintiff

DEPARTMENT OF HEALTH, EDUCATION AND WELFARE
OFFICE OF STUDENT FINANCIAL ASSISTANCE
WASHINGTON, D.C.

FEDERAL NO. H38 — APP. EXP. 7/83
GUARANTEED STUDENT LOAN PROGRAM
(20 U.S.C. 1071 et seq. 1077-4)

## PROMISSORY NOTE

### DISBURSEMENT SCHEDULE

| DISBURSEMENT | ESTIMATED DATE OF DISBURSEMENT | LOAN AMOUNT (a) | INSURANCE PREMIUM (Prepaid) FINANCE CHARGE (b) | AMOUNT FINANCED (a less b) |
|---|---|---|---|---|
| 1st (or entire) Disbursement | Sept. 1980 | 4500.00 | 41.58 | 4458.42 |
| 2nd Disbursement | N/A | | | |
| 3rd Disbursement | N/A | | | |
| 4th Disbursement | N/A | | | |

| ANNUAL PERCENTAGE RATE: | UNTIL ONE YEAR AFTER THE BORROWER'S ANTICIPATED DATE OF GRADUATION (Includes Insurance Premium) | ⅞ % | TOTAL LOAN AMOUNT (c) | TOTAL PREPAID FINANCE CHARGE (d) | TOTAL AMOUNT FINANCED (c less d) |
|---|---|---|---|---|---|
| | AFTER THE BEGINNING OF THE REPAYMENT PERIOD | 7 % | | | |
| ESTIMATED DATE FINANCE CHARGE BEGINS TO ACCRUE | Sept. 1980 | | 4500.00 | 41.58 | 4458.42 |

PAID IN FULL

### PROMISE TO PAY

I, Timothy D. White
Box ___ (Name of borrower) ___, the borrower, promise to pay to Bank of America, Student Loan Service Ctr.
(Name, city, and State of Lender)
to me, plus an amount equivalent to simple interest on this sum at the rate of 7 percent per year. If I fail to pay any of these _____ the lender, all of the principal sum of $ 4500.00 _____ I will also pay all charges and other costs—including attorney's fees—that are permitted by Federal regulations and are necessary _____ amounts.

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM**
If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay to the United States Commissioner of Education in order to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than ___ months (the "grace period") after I either leave school or cease to carry at least one-half the normal academic work-load at a school that is participating in the Guaranteed Student Loan Program (GSLP), of which the Federal Insured Student Loan Program is a part. However, during the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
   A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
   B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSLP loans outstanding, we—pay toward principal and interest at least $360 or the unpaid balance, whichever is less, of the total amount owing to all holders of my—or our—GSLP loans.
   C. Any period described under DEFERMENT in this Promissory Note will not be included in determining either the 15 year period or the 5 to 10 year period mentioned above.
3. The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender is to provide to me before the repayment period begins.

**PREPAYMENT**
I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid. Any rebate I am entitled to will be computed under the following method: _____
(Not to be completed if simple interest is to be computed on a daily basis.)

**DEFERMENT**
My loan payments will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:

1. While I am enrolled in—
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);

   B. A graduate fellowship program approved by the Commissioner of Education; or
   C. A rehabilitation training program for disabled individuals approved by the Commissioner of Education;
2. For a period not exceeding 3 years for each of the following while I am—
   A. On active duty in the Armed Forces of the United States;
   B. Serving as a Peace Corps volunteer; or
   C. Serving as a Volunteer under the Domestic Volunteer Service Act of 1973 (ACTION programs).
3. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

**INTEREST**
1. The Commissioner of Education will normally pay the interest that accrues on this loan prior to the repayment period and during any deferment period, and in that event the lender may not attempt to collect this interest from me. I may, however, _____ the interest that accrues on this loan, except for interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

**LATE CHARGES**
If permitted by State law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER**
Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender. Upon being notified of such a transfer, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State, and a new holder of the Promissory Note cannot be a holder in due course.

**DEFAULT**
If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**DISABILITY OR DEATH**
If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed on this loan will be cancelled.

### GENERAL

The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-4) and Federal regulations (45 CFR Part 177) that govern the Guaranteed Student Loan Program. The lender must show me these provisions upon my request.

I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses—including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.

I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.

I am not required to provide security for this loan.

I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status, as described in paragraph 4 of the statement of Borrower's Responsibilities on the back of this Promissory Note.

| SIGNATURE OF BORROWER | ADDRESS | | DATE |
|---|---|---|---|
| Timothy D. White | | Costa Mesa, CA | 7/14/80 |
| NAME OF ENDORSER* (Print or Type) | ADDRESS | | DATE |
| SIGNATURE OF ENDORSER | | | |

* The lender may require an endorser to sign this Promissory Note only if an endorsement is necessary—because the borrower is a minor—to make the Promissory Note a binding obligation under State law.

OE 1184 (Revised 10/79)



I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE
NAME: S. McRitchie
DATE: 11-6-07

DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE
BUREAU OF STUDENT FINANCIAL ASSISTANCE
WASHINGTON, D.C. 20202

FEDERAL INSURED STUDENT LOAN PROGRAM
(20 U.S.C. 1071 to 1087-4)

## PROMISSORY NOTE

### DISBURSEMENT SCHEDULE

| DISBURSEMENT | ESTIMATED DATE OF DISBURSEMENT | LOAN AMOUNT (a) | INSURANCE PREMIUM (Prepaid FINANCE CHARGE) (b) | AMOUNT FINANCED (a less b) |
|---|---|---|---|---|
| 1st (or entire) Disbursement | 9/81 | $5,000.00 | $33.60 | $4,966.40 |
| 2nd Disbursement | N/A | | | |
| 3rd Disbursement | N/A | | | |
| 4th Disbursement | N/A | | | |

| ANNUAL PERCENTAGE RATE: | UNTIL ONE YEAR AFTER THE BORROWER'S ANTICIPATED DATE OF GRADUATION (Includes Insurance Premium) | ¼ % | TOTAL LOAN AMOUNT (c) | TOTAL PREPAID FINANCE CHARGE (d) | TOTAL AMOUNT FINANCED (c less d) |
|---|---|---|---|---|---|
| | AFTER THE BEGINNING OF THE REPAYMENT PERIOD | 7 % | | | |
| ESTIMATED DATE FINANCE CHARGE BEGINS TO ACCRUE | | 9/81 | $5,000.00 | $33.60 | $4,966.40 |

PROMISE TO PAY

I, TIMOTHY D. WHITE (Name of borrower), the borrower, promise to pay to BANK OF AMERICA STUDENT LOAN SERVICE CTR, P. O. BOX 80329 WORLDWAYS POSTAL CENTER (Name, city, and State of Lender), the lender, all of the principal sum of $5,000.00 to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at the rate of 7 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs—including attorney's fees—that are permitted by Federal regulations and are necessary ___ on of these amounts.

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM**
If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay to the United States Commissioner of Education in order to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than 9 months (the "grace period") after I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP), of which the Federal Insured Student Loan Program is a part. However, during the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
  A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
  B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSLP loans outstanding, we—pay toward principal and interest at least $360, or the unpaid balance, whichever is less, of the total amount owing to all holders of my—or our—GSLP loans.
  C. Any period described under DEFERMENT in this Promissory Note will not be included in determining either the 15 year period or the 5 to 10 year period mentioned above.
3. The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

**PREPAYMENT**
I may prepay all or part of the unpaid principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid. Any rebate I am entitled to will be computed under the following method: ___ (Not to be completed if the rebate is to be computed on a daily basis.)

**DEFERMENT**
My loan payments will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:
1. While I am enrolled in—
  A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);

  B. A graduate fellowship program approved by the Commissioner of Education; or
  C. A rehabilitation training program for disabled individuals approved by the Commissioner of Education.
2. For period not exceeding 3 years for each of the following while I am—
  A. On active duty in the Armed Forces of the United States;
  B. Serving as a Peace Corps volunteer; or
  C. Serving as a volunteer under the Domestic Volunteer Service Act of 1973 (ACTION programs).
3. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

**INTEREST**
1. The Commissioner of Education will normally pay the interest that accrues on this loan prior to the repayment period and during any deferment period, and in that event the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except for interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

**LATE CHARGES**
If permitted by State law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge ___ installment, whichever amount is less.

**TRANSFER** ___
Under the conditions ___ governing the GSLP, this loan may be transferred ___ original lender. Upon being notified of such a transfer, I will have the same rights and responsibilities with ___ ard to the original lender. This P___ ___ ___ able instrument under the Uniform Commercial Code ___ ___, and a new holder of the Promissory Note cannot be a holder ___

**DEFAULT**
If I default on this loan, the lender may declare the entire unpaid amount of the loan, including ___ ___ ayable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**DISABILITY OR DEATH**
If I become ___ ___ if I die, my obligation to pay any amount owed on this loan will be cancelled.

### GENERAL

The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-4) and Federal regulations (45 CFR Part 177) that govern the Guaranteed Student Loan Program. The lender must show me these provisions upon my request.

I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses—including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.

I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.

I am not required to provide security for this loan.

I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status, as described in paragraph 4 of the statement of Borrower's Responsibilities on the back of this Promissory Note.

| SIGNATURE OF BORROWER | ADDRESS | DATE |
|---|---|---|
| Timothy Davis White | | August 14, 1981 |
| NAME OF ENDORSER* (Print or Type) | ADDRESS | |
| SIGNATURE OF ENDORSER | | DATE |

* The lender may require an endorser to sign this Promissory Note only if an endorsement is necessary—because the borrower is a minor—to make the Promissory Note a binding obligation under State law.

OE 1164 (Revised 10/79)  BB



DEPARTMENT OF HEALTH EDUCATION [AND WELF]ARE
BUREAU OF STUDENT FINANC[IAL ASSISTANCE]
WASHINGTON, D.C. 20[202]

FEDERAL INSURED STUDENT LOAN PROGRAM
(20 U.S.C. 1071 to 1087-4)

PROMISSORY NOTE

## DISBURSEMENT SCHEDULE

| DISBURSEMENT | ESTIMATED DATE OF DISBURSEMENT | LOAN AMOUNT (a) | INSURANCE PREMIUM (Prepaid FINANCE CHARGE) (b) | AMOUNT FINANCED (a less b) |
|---|---|---|---|---|
| 1st (or entire) Disbursement | 8-82 | 5000.00 | 22.05 | 4977.95 |
| 2nd Disbursement | N/A | | | |
| 3rd Disbursement | N/A | | | |
| 4th Disbursement | N/A | | | |

| ANNUAL PERCENTAGE RATE: | UNTIL ONE YEAR AFTER THE BORROWER'S ANTICIPATED DATE OF GRADUATION (Includes Insurance Premium) | 7 % | TOTAL LOAN AMOUNT (c) | TOTAL PREPAID FINANCE CHARGE (d) | TOTAL AMOUNT FINANCED (c less d) |
|---|---|---|---|---|---|
| | AFTER THE BEGINNING OF THE REPAYMENT PERIOD | ¼ % | | | |
| ESTIMATED DATE FINANCE CHARGE BEGINS TO ACCRUE | 8-82 | | 5000.00 | 22.05 | 4977.95 |

**PROMISE TO PAY**

I, TIMOTHY D. WHITE (Name of borrower), the borrower, promise to pay to BANK OF AMERICA NT&SA STUDENT LOAN SERVICE CENTER P.O. BOX 80329 WORLDWAYS (Name, city, and State of Lender), the lender, all of the principal sum of $ 5,000.00 to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at the rate of 7 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs—including attorney's fees—that are permitted by Federal regulations and are necessary for the collection of these amounts.

The lender and I understand that the following terms apply to this loan:

ORIGINATION FEE $ 250—
AMOUNT DISBURSED $ 4727.95

**INSURANCE PREMIUM**
If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay to the United States Commissioner of Education in order to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than 9 months (the "grace period") after I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP), of which the Federal Insured Student Loan Program is a part. However, during the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
   A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
   B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSLP loans outstanding, we—pay toward principal and interest at least $360 or the unpaid balance, whichever is less, of the total amount owing to all holders of my—or our—GSLP loans.
   C. Any period described under DEFERMENT in this Promissory Note will not be included in determining either the 15 year period or the 5 to 10 year period mentioned above.
3. The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender is to provide to me before the repayment period begins.

**PREPAYMENT**
I may at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid. Any rebate I am entitled to will be computed under the following method: ════════
(Not to be completed if simple interest is to be computed on a daily basis.)

**DEFERMENT**
My loan payments will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:

1. While I am enrolled in—
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
   B. A graduate fellowship program approved by the Commissioner of Education; or
   C. A rehabilitation training program for disabled individuals approved by the Commissioner of Education.
2. For period not exceeding 3 years for each of the following while I am—
   A. On active duty in the Armed Forces of the United States;
   B. Serving as a Peace Corps volunteer; or
   C. Serving as a volunteer under the Domestic Volunteer Service Act of 1973 (ACTION programs).
3. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

**INTEREST**
1. The Commissioner of Education will normally pay the interest that accrues on this loan prior to the repayment period and during any deferment period, and in that event the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except for interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

**LATE CHARGES**
If permitted by State law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER**
Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender. Upon being notified of such a transfer, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State, and a new holder of the Promissory Note cannot be a holder in due course.

**DEFAULT**
If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**DISABILITY OR DEATH**
If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed on this loan will be cancelled.

**GENERAL**

The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-4) and Federal regulations (45 CFR Part 177) that govern the Guaranteed Student Loan Program. The lender must show me these provisions upon my request.

I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses—including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.

I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.

I am not required to provide security for this loan.

I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status, as described in paragraph 4 of the statement of Borrower's Responsibilities on the back of this Promissory Note.

| SIGNATURE OF BORROWER | ADDRESS | | DATE |
|---|---|---|---|
| /s/ Timothy D. White | | Azusa CA. | 7/22/82 |
| NAME OF ENDORSER* (Print or Type) | ADDRESS | | |
| SIGNATURE OF ENDORSER | | | DATE |

* The lender may require an endorser to sign this Promissory Note only if an endorsement is necessary because the borrower is a minor to make the Promissory Note a binding obligation under State law.

OE 1164 (Revised 10/79)

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

NAME S. Mc Kitchu    DATE 1-6-07

## STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBLITIES

**BORROWER'S RIGHTS**

1. The lender must give me a copy of the completed Promissory Note at the time the loan is made. The lender must return the original Promissory Note to me when I have fully repaid the loan.

2. I am not required to provide security for this loan. The lender may require an endorser to sign the Promissory Note only if an endorsement is necessary—because I am a minor—to make the Promissory Note a binding obligation under State law.

3. Each loan check must either be payable to me, or, with my written authorization, be jointly payable to me and the school. The loan check will require my endorsement, but the lender will mail the check to the school on my behalf.

4. If the lender sells the loan or otherwise transfers the right to receive payment, I must be sent a clear notification which spells out my obligations to the new holder.

5. I have a right to a 9 to 12 month "grace period" before the repayment period begins. The exact length of this period, which is set by the lender, is shown on the Promissory Note. The grace period starts after I leave school or cease to attend a school participating in the Guaranteed Student Loan Program on at least a half-time basis.

6. The lender is to provide me with a repayment schedule before the repayment period begins. The provisions of this schedule must conform to the provisions under REPAYMENT in the Promissory Note.

7. If the lender and I agree to a repayment period shorter than 5 years, I will have a right to have this period extended so that I have at least 5 years in which to repay the loan.

8. I have a right to repay the whole loan or any portion of the loan at any time without penalty.

9. I have a right to defer payments on the loan as set forth under DEFERMENT in the Promissory Note.

10. The Commissioner of Education will normally pay the interest that accrues on the loan both before the repayment period and during any deferment period, and in that event the lender may not attempt to collect this interest from me. However, I have a right to pay this interest myself, if I wish to do so, by making appropriate arrangements with the lender. The interest rate on the loan may not exceed 7 percent.

11. If I am willing, but unable, to make payments under my repayment schedule, I may ask the lender to allow any of the following:
   A. A short period in which I make no payments;
   B. An extension of time for making payments; or
   C. The making of smaller payments than were originally scheduled.
However, the lender is not required to approve my request.

12. The lender must keep on file a copy of the Federal law and regulations that govern the Guaranteed Student Loan Program. I have a right to examine these materials if I wish.

13. My loan obligation will be cancelled if I become totally and permanently disabled or if I die. THIS LOAN, HOWEVER, CANNOT BE CANCELLED OR FORGIVEN IN WHOLE OR IN PART FOR DUTY IN THE MILITARY SERVICE, FOR TEACHING OR FOR ANY OTHER SERVICE.

**BORROWER'S RESPONSIBILITIES**

1. I must use care in choosing a school. Each school must provide a prospective student with information about the school and its program. I will consider this information carefully before deciding to attend a school. I understand that the United States Government does not vouch for the quality of a school or its programs.

2. I understand that the lender may charge me for an insurance premium and that I will not be entitled to any refund of this amount. If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time that the disbursement is made.

3. I must repay the loan in accordance with the repayment schedule that the lender will give me.

4. I must notify the lender promptly, in writing, if any of the following events occur before the loan is repaid:
   A. My failure to enroll in school for the period for which the loan was intended.
   B. My withdrawal from school or my attendance in school on less than a half-time basis.
   C. My transfer from one school to another school.
   D. My graduation from school.
   E. A change of my name (e.g., maiden name to married name).
   F. A change of my address.

5. If I qualify for a deferment of repayment, I must notify the lender as soon as I am no longer eligible to have payments deferred.

6. I must use the proceeds that I receive from this loan only for tuition and other reasonable and authorized educational expenses—including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.

7. I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.

**CERTIFICATION**

By my signature below I certify that I have read my rights and responsibilties, that I have discussed them with the lender, and that I understand them.

| NAME OF BORROWER (Print or Type) | SIGNATURE OF BORROWER | DATE |
|---|---|---|
| Timothy D. White | Timothy D. White | 7/22/82 |

*U.S. GOVERNMENT PRINTING OFFICE*

WHITE, TIMOTHY, D
CLAIM NO
SSN ▓▓▓-5378  TD 1  01-14-91

1982 AUG -2 AM 11:



I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE
NAME _____  11-6-07
               DATE

**FORM APPROVED**

DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE
OFFICE OF EDUCATION
BUREAU OF STUDENT FINANCIAL ASSISTANCE
WASHINGTON, D.C. 20202

**FEDERAL INSURED STUDENT LOAN PROGRAM**
(20 U.S.C. 1071 to 1087-4)

## PROMISSORY NOTE

### DISBURSEMENT SCHEDULE

| DISBURSEMENT | ESTIMATED DATE OF DISBURSEMENT | LOAN AMOUNT (a) | INSURANCE PREMIUM (Prepaid FINANCE CHARGE) (b) | AMOUNT FINANCED (a less b) |
|---|---|---|---|---|
| 1st (or entire) Disbursement | N/A | N/A | N/A | N/A |
| 2nd Disbursement | N/A | N/A | N/A | N/A |
| 3rd Disbursement | N/A | N/A | N/A | N/A |
| 4th Disbursement | N/A | N/A | N/A | N/A |
| ANNUAL PERCENTAGE RATE: UNTIL ONE YEAR AFTER THE BORROWER'S ANTICIPATED DATE OF GRADUATION (Includes insurance Premium) | N/A | TOTAL LOAN AMOUNT (c) | TOTAL PREPAID FINANCE CHARGE (d) | TOTAL AMOUNT FINANCED (c less d) |
| AFTER THE BEGINNING OF THE REPAYMENT PERIOD | N/A | | | |
| ESTIMATED DATE FINANCE CHARGE BEGINS TO ACCRUE | N/A | N/A | N/A | N/A |

I, __TIMOTHY D. WHITE__ (Name of borrower), the borrower, promise to pay to __BANK OF AMERICA NT & SA STUDENT LOAN SERVICE CENTER P.O. BOX 80329 WORLDWAYS POSTAL CENTER LOS ANGELES, CA 90009__ (Name, city, and State of Lender), the lender, all of the principal sum of $__5,000.00__ to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at the rate of __7__ percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs—including attorney's fees—that are permitted by Federal regulations and are necessary for the collection of these amounts.

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM**
If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay to the United States Commissioner of Education in order to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than __9__ months (the "grace period") after I either leave school or cease to carry at least one-half the normal academic work load at a school that is participating in the Guaranteed Student Loan Program (GSLP), of which the Federal Insured Student Loan Program is a part. However, during the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
   A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
   B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSLP loans outstanding, we—pay toward principal and interest at least $360 or the unpaid balance, whichever is less, of the total amount owing to all holders of my—or our—GSLP loans.
   C. Any period described under DEFERMENT in this Promissory Note will not be included in determining either the 15 year period or the 5 to 10 year period mentioned above.
3. The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender is to provide to me before the repayment period begins.

**PREPAYMENT**
I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid. Any rebate I am entitled to will be computed under the following method: _____
(Not to be completed if simple interest is to be computed on a daily basis.)

**DEFERMENT**
My loan payments will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:
1. While I am enrolled in—
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);

B. A graduate fellowship program approved by the Commissioner of Education; or
C. A rehabilitation training program for disabled individuals approved by the Commissioner of Education.
2. For period not exceeding 3 years, for each of the following while I am—
   A. On active duty in the Armed Forces of the United States;
   B. Serving as a Peace Corps volunteer; or
   C. Serving as a volunteer under the Domestic Volunteer Service Act of 1973 (ACTION programs).
3. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

**INTEREST**
1. The Commissioner of Education will normally pay the interest that accrues on this loan prior to the repayment period and during any deferment period, and in that event the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except for interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

**LATE CHARGES**
If permitted by State law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER**
Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender. Upon being notified of such a transfer, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State, and a new holder of the Promissory Note cannot be a holder in due course.

**DEFAULT**
If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**DISABILITY OR DEATH**
If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed on this loan will be cancelled.

### GENERAL

The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-4) and Federal regulations (45 CFR Part 177) that govern the Guaranteed Student Loan Program. The lender must show me these provisions upon my request.

I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses—including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.

I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.

I am not required to provide security for this loan.

I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status, as described in paragraph 4 of the statement of Borrower's Responsibilities on the back of this Promissory Note.

| SIGNATURE OF BORROWER _Timothy D. White_ | ADDRESS ▓▓▓▓▓ | | |
|---|---|---|---|
| NAME OF ENDORSER* (Print or Type) | ADDRESS | L.A., CA. ▓▓▓ | DATE 7/23/83 |
| SIGNATURE OF ENDORSER | | | DATE |

* The lender may require an endorser to sign this Promissory Note only if an endorsement is necessary—because the borrower is a minor—to make the Promissory Note a binding obligation under State law.

OE 1164 (Revised 10/79)

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

NAME: L. McRitchie
DATE: 11-6-07

## STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBLITIES

**BORROWER'S RIGHTS**

1. The lender must give me a copy of the completed Promissory Note at the time the loan is made. The lender must return the original Promissory Note to me when I have fully repaid the loan.

2. I am not required to provide security for this loan. The lender may require an endorser to sign the Promissory Note only if an endorsement is necessary—because I am a minor—to make the Promissory Note a binding obligation under State law.

3. Each loan check must either be payable to me, or, with my written authorization, be jointly payable to me and the school. The loan check will require my endorsement, but the lender will mail the check to the school on my behalf.

4. If the lender sells the loan or otherwise transfers the right to receive payment, I must be sent a clear notification which spells out my obligations to the new holder.

5. I have a right to a 9 to 12 month "grace period" before the repayment period begins. The exact length of this period, which is set by the lender, is shown on the Promissory Note. The grace period starts after I leave school or cease to attend a school participating in the Guaranteed Student Loan Program on at least a half-time basis.

6. The lender is to provide me with a repayment schedule before the repayment period begins. The provisions of this schedule must conform to the provisions under REPAYMENT in the Promissory Note.

7. If the lender and I agree to a repayment period shorter than 5 years, I will have a right to have this period extended so that I have at least 5 years in which to repay the loan.

8. I have a right to repay the whole loan or any portion of the loan at any time without penalty.

9. I have a right to defer payments on the loan as set forth under DEFERMENT in the Promissory Note.

10. The Commissioner of Education will normally pay the interest that accrues on the loan both before the repayment period and during any deferment period, and in that event the lender may not attempt to collect this interest from me. However, I have a right to pay this interest myself, if I wish to do so, by making appropriate arrangements with the lender. The interest rate on the loan may not exceed 7 percent.

11. If I am willing, but unable, to make payments under my repayment schedule, I may ask the lender to allow any of the following:
   A. A short period in which I make no payments;
   B. An extension of time for making payments; or
   C. The making of smaller payments than were originally scheduled.
However, the lender is not required to approve my request.

12. The lender must keep on file a copy of the Federal law and regulations that govern the Guaranteed Student Loan Program. I have a right to examine these materials if I wish.

13. My loan obligation will be cancelled if I become totally and permanently disabled or if I die. THIS LOAN, HOWEVER, CANNOT BE CANCELLED OR FORGIVEN IN WHOLE OR IN PART FOR DUTY IN THE MILITARY SERVICE, FOR TEACHING OR FOR ANY OTHER SERVICE.

**BORROWER'S RESPONSIBILITIES**

1. I must use care in choosing a school. Each school must provide a prospective student with information about the school and its program. I will consider this information carefully before deciding to attend a school. I understand that the United States Government does not vouch for the quality of a school or its programs.

2. I understand that the lender may charge me for an insurance premium and that I will not be entitled to any refund of this amount. If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time that the disbursement is made.

3. I must repay the loan in accordance with the repayment schedule that the lender will give me.

4. I must notify the lender promptly, in writing, if any of the following events occur before the loan is repaid:
   A. My failure to enroll in school for the period for which the loan was intended;
   B. My withdrawal from school or my attendance in school at less than a half-time basis;
   C. My transfer from one school to another school;
   D. My graduation from school;
   E. A change of my name (e.g., maiden name to married name);
   F. A change of my address.

5. If I qualify for a deferment of repayment, I must notify the lender as soon as I am no longer eligible to have payments deferred.

6. I must use the proceeds that I receive from this loan only for tuition and other reasonable and authorized educational expenses—including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.

7. I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.

**CERTIFICATION**

By my signature below I certify that I have read my rights and responsibilties, that I have discussed them with the lender, and that I understand them.

| NAME OF BORROWER (Print or Type) | SIGNATURE OF BORROWER | DATE |
|---|---|---|
| Timothy D. White | Timothy D. White | 7/25/83 |

*U.S. GOVERNMENT PRINTING OFFICE: 1980 620-149/531 1-3



I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE
NAME [signature] 1-6-07 DATE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: ACV |
| Plaintiff, | **CV08-00942** |
| v. | **SUMMONS** |
| TIMOTHY WHITE, AKA TIMOTHY D. WHITE, AKA TIMOTHY DAVIS WHITE | ORIGINAL |
| Defendant. | |

TO THE ABOVE-NAMED DEFENDANT, You are hereby summoned and required to file with the court and serve upon:

Plaintiff's attorney whose address is:

**IRSFELD, IRSFELD & YOUNGER LLP
100 W. BROADWAY, STE. 900
GLENDALE, CA 91210**

an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

DATED: FEB 12 2008

SHERRI R. CARTER, CLERK
United States District Court
Central District of California

*Natalie Longoria*
by: Deputy Clerk

(SEAL OF THE COURT)

---
SUMMONS
---

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNITED STATES OF AMERICA

**DEFENDANTS**
TIMOTHY WHITE, AKA TIMOTHY D. WHITE, AKA TIMOTHY DAVIS WHITE

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
COUNTY OF VENTURA

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
JAMES J. WALDORF
KATHRYN E. VAN HOUTEN
IRSFELD, IRSFELD & YOUNGER
100 WEST BROADWAY, SUITE 900
GLENDALE, CA 91210
818-242-6859

Attorneys (If Known)

COPY

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

[X] 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes [X] No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
TITLE 20 U.S.C. SECTION 1080 - BREACH OF CONTRACT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litig. |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | [X] 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determina- tion Under Equal Access to Justice | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? [X] No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)    **CIVIL COVER SHEET**    **CV08-00942**    Page 1 of 2
CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

VIII(b). **RELATED CASES:** Have any cases been previously filed that are related to the present case?  [X] No  [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. **VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

[X] Check here if the U.S. government, its agencies or employees is a named plaintiff.
LOS ANGELES

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

[ ] Check here if the U.S. government, its agencies or employees is a named defendant.
COUNTY OF VENTURA

**List the California County,** or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
LOS ANGELES

X. **SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/ James J. Waldorf_   Date FEB. 1, 2008
JAMES J. WALDORF

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |